[No. 11081.    Department One.    March 18, 1913.]

THE STATE OF WASHINGTON, *on the Relation of the Board of County Commissioners of King County, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

APPEAL—SUPERSEDEAS—RIGHT TO. Supersedeas is not a matter of right pending an appeal from an order directing the county commissioners to appoint a road supervisor from a list of names furnished by a good roads association, pursuant to Rem. & Bal. Code, § 5578, there being no right to a supersedeas in matters of public interest unless the parties can be kept *in statu quo*, or the damages compensated in money.

[1]Reported in 130 Pac. 753.

Application filed in the supreme court March 14, 1913, for a mandate to the superior court for King county, Everett Smith, J., to fix the amount of a supersedeas bond. Denied.

*John F. Murphy* and *Robert H. Evans*, for relator.

*Vince H. Faben*, for respondent.

PER CURIAM.—Relators have applied for a write of mandate commanding the superior court for King county to fix a supersedeas bond, pending an appeal from the order of the superior court directing the county commissioners of King county to select and appoint a road supervisor from a list of names furnished by the Mercer Island Good Roads Association, the application for such appointment being made under Rem. & Bal. Code, § 5578.

We think this case is controlled by *Cooper v. Hindley*, 70 Wash. 331, 126 Pac. 916. In denying the application for a writ, it may be understood that we do not pass upon the merits of the controversy. The right of the commissioners to litigate the questions raised in the principal proceedings is not foreclosed, but pending that determination it is their duty to abide the judgment of the lower court. A statute declaratory of public interest should not be construed so as to defeat or suspend its operation pending an appeal, unless the right of the parties litigant can be kept *in statu quo* or the damages, if ascertainable, compensated in money.

Writ denied.